UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JANE MUTH,

    Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, JANE MUTH ("MUTH"), by and through her undersigned counsel, hereby sues HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. MUTH brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. MUTH was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. HARTFORD is a corporation with its principal place of business in the State of Connecticut, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, HARTFORD, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to MUTH by HARTFORD.

6. Prior to becoming disabled, MUTH was an employee of SunTrust Banks, Inc., now known as Truist Financial Corp. following SunTrust's purchases of BB&T.

7. By way of her employment with SunTrust (now Truist), MUTH was at all times material a plan participant under the Long Term Disability Insurance Policy offered by her employer to its employees.

8. Originally, this policy was a SunTrust self-funded policy that was initially administered by Sedgwick Claims Management Services.

9. Effective January 1, 2010, Aetna Life Insurance Company assumed responsibility for the administration of the benefit obligations for SunTrust Banks, Inc.'s LTD disability benefits. This information was conveyed to MUTH by way of a letter dated December 15, 2019.

10. Via correspondence dated December 27, 2019, MUTH was then informed by HARTFORD that there was a change in funding of her long term disability plan through SunTrust. MUTH was further informed that effective January 1, 2020 that disability payments would be provided by and through HARTFORD rather than from SunTrust. Furthermore, this correspondence indicated that there would be "no change in the LTD plan provisions that affect (her) LTD benefit levels." The letter continued by stating that "All of the provisions of the LTD plan that were in effect as of the date (she) became

2

disabled will remain the same."

11. The Plan Documents that apparently now govern the claim have been provided by HARTFORD to MUTH via the Administrative Record received from HARTFORD prior to the filing of this lawsuit. By way of her previous employment with SunTrust, now Truist Financial Corp, MUTH is a covered person under Group Long Term Disability Insurance Policy GLT-681740 (the "LTD Policy"), which is a Group Long Term Disability Insurance Policy issued by HARTFORD to Truist Financial Corp., the Policyholder, with a Policy Effective Date of January 1, 1980. It is pursuant to Policy GLT-681740 to which MUTH is entitled to benefits. A copy of the LTD Policy as provided by HARTFORD is attached as Exhibit "A".

12. The LTD Policy is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

13. HARTFORD is the insurer of benefits under the LTD Policy and was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

14. As the decision maker and payer of plan benefits, HARTFORD administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, HARTFORD is not entitled to a deferential standard of review.

15. HARTFORD is the fiduciary charged with making benefit determinations under the LTD Policy, including the determinations made on MUTH's claim at issue.

16. Pursuant to the terms and conditions of the LTD Policy, MUTH is entitled to LTD benefits for the duration of her disability, or until the end of the month following the date MUTH attains age 65, so long as she remains disabled as required under the terms of the

LTD Policy.

17. According to the LTD Policy,

> **Disability or Disabled** means that You are currently receiving benefits under the United States Social Security Act.
> GBD-1200 C15 (10/08) (Rev-1)
>
> **Disability Benefit:** *What are my Disability Benefits under The Policy?*
> We will pay You a Monthly Benefit if You remain Disabled and continue to submit Proof of Loss to Us.
>
> Benefits accrue as of the first day after the Elimination Period and are paid monthly. However, benefits will not exceed the Maximum Duration of Benefits.
> GBD-1200 F01 (10/08)

18. At all relevant times, MUTH complied with all conditions precedent and exhausted all required administrative remedies under the LTD Policy.

19. Since July 24, 2004, MUTH has been disabled under the terms of the LTD Policy.

20. MUTH is currently receiving benefits under the United States Social Security Act.

21. At all relevant times, MUTH has been under the appropriate and regular care and treatment of a physician.

22. At all relevant times, MUTH was a Covered Person under the LTD Policy.

23. Shortly after becoming disabled, MUTH made a claim under the LTD Policy for disability benefits.

24. MUTH's claim for LTD benefits was initially approved by Sedgwick and benefits effectively began on January 20, 2005. LTD Benefits were ultimately paid through July 17, 2020.

25. By letter dated April 3, 2020, MUTH was informed by HARTFORD that her benefits under the LTD policy were not payable after April 2, 2020 as it had determined that MUTH failed to provide continued proof of ongoing Disability. Benefits were reinstated via a June 3, 2020 correspondence.

26. By letter dated July 17, 2020, MUTH was then informed by HARTFORD that continued

benefits under the policy were being denied as HARTFORD now "determined that (she did) not meet the policy definition of Disability beyond 07/17/2020."

27. MUTH properly and timely submitted an appeal of HARTFORD's July 17, 2020 denial of her continued claim for LTD benefits.

28. By letter dated April 21, 2021, HARTFORD notified MUTH of its decision to uphold its previous decision denying her continued LTD benefits beyond July 17, 2020 and informed MUTH that no further appeals would be considered as her administrative remedies had been exhausted.

29. At all relevant times, MUTH complied with all conditions precedent and exhausted all required administrative remedies under the LTD Policy.

30. From July 18 2020 to the present date, MUTH has not received benefits owed to her under the LTD Policy, despite MUTH's right to these benefits.

31. HARTFORD has refused to pay MUTH's continued LTD benefits since July 17, 2020.

32. HARTFORD is the payer of benefits under the governing policy.

33. HARTFORD is the "Insurance Company" responsible for the LTD Policy.

34. HARTFORD is the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

35. At all relevant times, MUTH has been and remains Disabled and entitled to LTD benefits from HARTFORD under the terms of the LTD Policy.

36. MUTH has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

37. MUTH incorporates Paragraphs 1 through 36 as if fully set forth herein.

38. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

39. Pursuant to 29 U.S.C. §1132(a)(1)(B), MUTH, as a participant under the LTD Policy, is entitled to sue for judicial determination and enforcement of benefits.

40. MUTH has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of HARTFORD's failure to pay her continued disability benefits.

41. MUTH has exhausted all administrative remedies under the LTD Policy.

42. Defendant breached the LTD Policy and violated ERISA in the following respects:

 (a) Failing to pay LTD benefit payments to MUTH at a time when HARTFORD knew, or should have known, that MUTH was entitled to those benefits under the terms of the LTD Policy, as MUTH was disabled and unable to work and therefore entitled to benefits.

 (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Policy documents, in relation to the applicable facts and LTD Policy provisions, for the termination of MUTH's claim for LTD benefits;

 (c) After MUTH's claim was terminated in whole or in part, HARTFORD failed to adequately describe to MUTH any additional material or information necessary for MUTH to perfect her claim along with an explanation of why such material is or was necessary.

    (d)  HARTFORD failed to properly and adequately investigate the merits of MUTH's disability claim and failed to provide a full and fair review of MUTH's claim.

43. MUTH believes and thereon alleges that HARTFORD wrongfully terminated her claim for disability benefits under the LTD Policy by other acts or omissions of which MUTH is presently unaware, but which may be discovered in this future litigation and which MUTH will immediately make HARTFORD aware of once said acts or omissions are discovered by MUTH.

44. Following the termination of benefits under the LTD Policy, MUTH exhausted all administrative remedies required under ERISA, and MUTH has performed all duties and obligations on her part to be performed under the LTD Policy.

45. As a proximate result of the aforementioned wrongful conduct of HARTFORD, MUTH has damages for loss of disability benefits in a total sum to be shown at the time of trial.

46. As a further direct and proximate result of this improper determination regarding MUTH's claim for benefits, MUTH, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), MUTH is entitled to have such fees and costs paid by HARTFORD.

47. The wrongful conduct of HARTFORD has created uncertainty where none should exist. As such, MUTH is entitled to enforce her rights under the terms of the LTD Policy and to clarify her right to future benefits under the terms of the LTD Policy.

## **REQUEST FOR RELIEF**

WHEREFORE, JANE MUTH prays for relief against HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Policy, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Policy for so long as Plaintiff remains disabled under the terms of the LTD Policy;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claim's administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: July 6, 2021

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL  33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com